UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER A. SPALLUTO                          )
and ACCESS WITH SUCCESS, INC.              )
    Plaintiffs                             )
                                           )    CIVIL ACTION NO.:
Vs.                                        )    05-CV-10385-EFH
                                           )
HDP, INC.,                                 )
    Defendant                              )
                                           )

## MOTION FOR LEAVE TO FILE ANSWER LATE (ASSENTED TO)

The defendant, HDP, Inc., hereby moves for leave to file its answer late. Upon information and belief, the Court allowed the plaintiffs motion for leave to file an amended complaint on or about January 31, 2006. Due to undersigned counsel's error, based upon his lack of familiarity with the Electronic Filing System currently employed by the Court, and general computer illiteracy, the answer, which should have been filed by on or about February 20, was not timely filed.

The defendant has good and meritorious defenses to the claims asserted in the complaint, and no party will be prejudiced by the allowance of the within motion.

Counsel has called counsel for the plaintiffs to seek his assent to the allowance of the late filing, but he has not been able to speak with plaintiffs' counsel to learn what position he takes on this motion.

Wherefore, the defendant prays that the Court allow its motion and accept the defendant's Answer to the Complaint, attached hereto as Exhibit A, for docketing.

*377197_1*

**ASSENTED TO:**
PETER A. SPALLUTO
and ACCESS WITH SUCCESS                    HDP, INC.

By their Attorney,                          By its Attorney,

/s/ Nicholas S. Guerrera                    /s/ Brian J. McMenimen
Nicholas S. Guerrera                        Brian J. McMenimen
BBO # 551475                                BBO # 338840
Shaheen Guerrera & O'Leary, LLC             Adler Pollock & Sheehan P.C.
Jefferson Office Park                       175 Federal Street
820A Turnpike Street                        Boston, Massachusetts 02110
North Andover, MA 01845                     (617) 482-0600
nguerrera@sgolawoffice.com                  bmcmenimen@apslaw.com
(978) 689-0800                              Dated: April 4, 2006
Dated: April 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 4, 2006.

/s/ Brian J. McMenimen
Brian J. McMenimen

2

*377197_1*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. SPALLUTO<br>and ACCESS WITH SUCCESS, INC.<br>    Plaintiffs<br><br>Vs.<br><br>HDP, INC.,<br>    Defendant | )<br>)<br>)<br>)   CIVIL ACTION NO.:<br>)      05-CV-10385-EFH<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT HDP, INC.
## TO THE AMENDED COMPLAINT

### INTRODUCTION

The defendant, HDP, Inc., in the above entitled action, hereby makes this its Answer to the plaintiffs' Complaint and demand for a jury trial. If not specifically addressed herein, the defendant denies any and all assertions/claims made against it.

### PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and call upon the plaintiffs to prove the same.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and call upon the plaintiffs to prove the same.

3. The defendant denies the factual allegations contained in Paragraph 3 of the Complaint. Answering further, the defendant says that the legal assertions contained in Paragraph 3 do not require a response from the defendant;

377204_1

4. however, to the extent a response is helpful to the Court, the defendant denies that it has violated the Americans with Disabilities Act.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and calls upon the plaintiffs to prove the same.

6. Admitted.

7. Admitted.

8. Defendant admits that it owns a restaurant and bar known as Bakey's, located at 45 Broad Street, Boston, Massachusetts.

9. Defendant admits that it owns a restaurant and bar known as Bakey's, located at 45 Broad Street, Boston, Massachusetts.

10. Defendant admits that it owns a restaurant and bar known as Bakey's, located at 45 Broad Street, Boston, Massachusetts.

## SYNOPSIS OF A CAUSE OF ACTION UNDER ADA

11. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 10 of the Complaint.

12. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 11 of the Complaint.

13. Denied.

377204_1

## JURISDICTION

14. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 13 of the Complaint.

15. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 14 of the Complaint.

16. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 15 of the Complaint.

17. Denied.

18. Denied.

## COUNT 1 – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. Defendant denies knowledge sufficient to admit or deny the allegations in Paragraph 18.

20. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 19 of the Complaint.

21. Denied.

22. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 21 of the Complaint.

23. Admitted.

24. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 23 of the Complaint.

25. Defendant specifically denies that it has made any alterations to Bakey's since its purchase. As for the remainder of the Paragraph, it contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies those additional allegations in Paragraph 24 of the Complaint.

26. Defendant denies knowledge sufficient to admit or deny the allegations contained in Paragraph 25.

27. Defendant denies knowledge sufficient to admit or deny the allegations contained in Paragraph 26.

28. Defendant denies knowledge sufficient to admit or deny the allegations contained in Paragraph 27.

29. Denied.

30. Defendant denies knowledge sufficient to admit or deny the allegations contained in Paragraph 29.

31. Defendant denies knowledge sufficient to admit or deny the allegations contained in Paragraph 30.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

5

*377204_1*

59. Denied.

60. Denied.

61. Denied.

62. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 61 of the Complaint.

63. Denied.

64. Denied.

### COUNT II – MASSACHUSETTS GENERAL LAWS c. 272, s. 98

65. Defendant incorporates by reference herein its answers to Paragraphs 1 through 63 of the Complaint.

66. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 65 of the Complaint.

67. Denied.

68. Denied.

69. Defendant denies sufficient knowledge to admit or deny the allegations in Paragraph 68 of the Complaint.

### COUNT III – MASSACHUSETTS CONSTITUTION AND G.L. C. 93 § 103

70. Defendant incorporates by reference herein its answers to Paragraphs 1 thought 69 of the Complaint.

6

71. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 70 of the Complaint.

72. This Paragraph contains precatory language and states conclusions of law to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 71 of the Complaint.

73. Denied.

74. Denied.

75. Denied.

76. Defendant denies sufficient knowledge to admit or deny the allegations in Paragraph 68 of the Complaint.

## Affirmative Defenses

### First Affirmative Defense

Defendant alleges that the Plaintiffs' Complaint and each purported cause of action alleged therein are barred by reason of the Defendant's good faith reliance on the advice of others with respect to the restaurant.

### Second Affirmative Defense

Defendant asserts that the Plaintiffs' Complaint and each purported cause of action alleged therein are barred because the alterations to the restaurant which the plaintiffs contend that the defendant should have made, were not and are not required under federal law, and any requirement to make those changes would impose an undue burden upon the defendant.

### Third Affirmative Defense

Defendant asserts that the Plaintiffs' Complaint and each purported cause of action alleged therein are barred because the alterations to the restaurant which the plaintiffs contend that the defendant should have made were not and are not required under federal law, because such changes are not readily achievable.

### Fourth Affirmative Defense

Defendant asserts that the Plaintiffs' complaint and each purported cause of action alleged therein are barred because the alterations to the restaurant which the plaintiffs contend that the defendant should have made, were not and are not required under federal law, and any requirement to make those changes would fundamentally alter the nature of the goods and/or services provided by the defendant at the restaurant.

### Fifth Affirmative Defense

Defendant asserts that the Plaintiffs' complaint and each purported cause of action alleged therein are barred because the alterations to the restaurant which the plaintiffs contend that the defendant should have made, were not and are not required under federal law, because the restaurant is in the same condition and state that it was in prior to the enactment of the Americans With Disabilities Act, and no alterations to the restaurant have been made since the passage of the Act.

### Sixth Affirmative Defense

Defendant asserts that the plaintiffs' Complaint and each purported cause of action alleged therein are barred by the statute of limitations.

### Seventh Affirmative Defense

Defendant asserts that the Complaint and each purported cause of action alleged therein are barred because the lead Plaintiff, Peter A. Spalluto, was not a bona fide customer of the restaurant. Instead, if the plaintiff visited the restaurant as he alleges he did, he did so for the sole and exclusive purpose of instituting the present lawsuit.

### Eighth Affirmative Defense

Defendant asserts that the Plaintiffs' complaint and each purported cause of action alleged therein are barred because the alterations to the restaurant which the plaintiffs contend that the defendant should have made, were not and are not required under federal law because the cost and scope of such alterations would be disproportionate to the cost of any alterations to the restaurant, had any in fact been made.

### Ninth Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Tenth Affirmative Defense

Plaintiffs' Complaint and each purported cause of action are barred because the plaintiffs have failed to join parties who are indispensable to a resolution of the action, to wit, the owners of the property where the restaurant is situated.

### Eleventh Affirmative Defense

Because the complaint is couched in conclusory terms, defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved to the extent permitted by law.

WHEREFORE, Defendant prays for Judgment as follows:

1. That the plaintiffs take nothing by their complaint;

2. That the complaint be dismissed in its entirety with prejudice;

3. That plaintiffs be denied each and every demand and prayer for relief contained in their complaint;

4. That the defendant be awarded its costs herein, including reasonable attorneys' fees; and

5. That the Court award the defendant such other and further relief as it deems meet.

### THE DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE

HDP, INC.

By its Attorney,

/s/ Brian J. McMenimen
Brian J. McMenimen
BBO # 338840
Adler Pollock & Sheehan P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600
bmcmenimen@apslaw.com
Dated: April 4, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 4, 2006.

/s/ Brian J. McMenimen
Brian J. McMenimen