UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. SPALLUTO<br>and ACCESS WITH SUCCESS, INC.<br>    Plaintiffs<br><br>Vs.<br><br>HDP, INC.,<br>    Defendant | CIVIL ACTION NO.:<br>05-CV-10385-EFH |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ORDER COMPELLING THE PLAINTIFFS, PETER A. SPALLUTO AND ACCESS WITH SUCCESS, INC., TO APPEAR FOR A DEPOSITION

Defendant HDP, Inc. herein submits its memorandum of law in support of its motion to compel the plaintiffs to appear for their depositions in the District of Massachusetts.

### ARGUMENT

Because the plaintiff selects the forum for an action, as a general rule, the plaintiff is required to answer a notice of deposition in the locality where the action is pending. W. H. Grady Co. v. Dormon-Bogdonoff Corp., 36 Fed. R. Serv. 2d, 307 (D. Mass. 1982); Clem v. Allied Van Lines Int'l. Corp., 102 F.R.D. 938 (S.D.N.Y. 1984)

The plaintiffs in the present case brought their action in Massachusetts. Access with Success, Inc. is a Massachusetts corporation, according to the plaintiffs' complaint. Mr. Spalluto, although he is wheelchair bound, is "a frequent visitor to Boston" as his counsel has represented to the Court in his pre-trial memorandum. The right of the defendant to depose the plaintiffs is unarguable. Defendant has noticed the depositions previously and been advised that they cannot take place because Mr. Spalluto (individually, and inferentially, the 30(b)(6)

spokesperson for Access with Success, Inc.) resides in Florida and does not wish to come to Boston at this or, except for trial apparently, at any other time.

Plaintiff's counsel has proposed examinations of his clients by means of telephone depositions, which suggestion the defendant (who duly appeared through its spokesperson for its deposition at the offices of Plaintiffs' counsel) has declined to accept because of the inherent limitations and restrictions attending telephone depositions.

Defendant's counsel has proposed deposing the plaintiffs in Florida, provided the plaintiffs pay all reasonable costs associated with doing so, including travel expenses and attorneys fees, and that the plaintiffs agree in writing that all the costs of taking the depositions in Florida are deemed not recompensible regardless of the ultimate outcome of the litigation. Plaintiffs have not accepted this counter-offer.

### CONCLUSION

The defendant is entitled to depose the plaintiffs. The plaintiffs chose to bring an action against the defendant, and did so in this District. The defendant has the right, it is respectfully submitted, to conduct the plaintiffs' depositions where the action is pending, where the alleged events giving rise to the plaintiffs' claims occurred, and where the defendant resides.

Therefore, defendant HDP, Inc. respectfully requests that the Court grant the relief sought herein and order the plaintiffs to appear for their respective depositions at the offices of defendant's counsel on or before February 16, 2007.

Respectfully submitted,
HDP, INC.
By its Attorney,


/s/ Brian J. McMenimen
Brian J. McMenimen
BBO # 338840
Adler Pollock & Sheehan P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600
bmcmenimen@apslaw.com
Dated: December 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 20, 2006.


/s/ Brian J. McMenimen
Brian J. McMenimen

*402882_1*                                6