## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER A. SPALLUTO | ) | |
| and ACCESS WITH SUCCESS, INC. | ) | |
|     Plaintiffs | ) | |
| | ) | CIVIL ACTION NO.: |
|     Vs. | ) | 05-CV-10385-EFH |
| | ) | |
| HDP, INC., | ) | |
|     Defendant | ) | |

## DEFENDANT HDP, INC.'S STATEMENT IN RESPONSE
## TO THE COURT'S PRETRIAL ORDER

Defendant HDP, Inc. submits herewith its pretrial statement in an effort to comply

with the order of this court entered at the time of the pretrial conference.  Defense

counsel has tried, unsuccessfully, to confer with plaintiffs counsel, and therefore is

obliged to attempt to comply with the Court's orders without the benefit of such a

conference.

**1.**    **STIPULATIONS**

There have been no stipulations of facts agreed to by the parties.

**2.**    **STATEMENT OF ISSUES TO BE TRIED**

At the pretrial conference held in this matter on October 24, 2006, the

Court advised counsel that the court would hear evidence only on the issue of

alleged violations of the Americans with Disabilities Act Accessibility Guidelines

[Count 1 of plaintiffs' complaint], and would not take evidence on damages, or on

the related counts of the complaint.   Given that the Court has so advised the

parties, and, in an effort to narrow the issues to be tried, the defendant has

Defendant contends this is not readily achievable for several reasons, not the least of which is that the emergency door leads down a step and onto a public sidewalk; the defendant does not have the right or authority to block the public in its free movement along that sidewalk, or to block the emergency exit to the restaurant..

More significantly, however, the defendant operates a marginally profitable restaurant.  The expense of a modular entrance system would be prohibitively expensive both in the cost to make and install it, and, more importantly, in the fact that the restaurant would be required to remove approximately twenty percent of its seating capacity to make the back room. navigable to wheelchair bound patrons as called for by ADA guidelines.  The defendant cannot afford to lose one fifth of the seating capacity of its dining room and continue to operate.

Additionally, as the plaintiffs admit, even if the defendant installed a modular ramp and removed sufficient tables and chairs to conform to the ADA Standards, no handicapped person could access the lavatories from the dining room, because of barriers whose removal the plaintiffs concede to be not readily achievable.  Simply put, the only purpose that could be accomplished by requiring the defendant to install a modular ramp at its emergency exit would be to force it out of business, something the Act does not require.

- - - - - - - - - - - -

The defendant understands that the Court will not take evidence on counts two and three of the complaint, and will not take evidence on either the issue of damages or the issue of attorneys fees raised in the complaint.

If the defendant misunderstands the Court's ruling at the pretrial conference, and such evidence is admitted, then the defendant would offer evidence to rebut the factual allegations in the plaintiffs' complaint, including the issue of damages, and would also offer evidence that the amounts claimed by plaintiffs' counsel for legal fees, assuming any are appropriate, is excessive.

Defendant will also argue that the plaintiffs should be estopped from offering any evidence regarding damages or attorney's fees because of their disregard of the court's order compelling them to appear for depositions, which matter is the subject of the defendants' previously filed motion to dismiss the complaint.

3.    **DEFENSE WITNESSES**

Michael Paquin, Wellesley, MA.

Helene Paquin, Wellesly, MA.

George Bateman, Medford, MA.

Joseph Cooney, Topsfield, MA.

Representative of Great Island Development Corp. (Principal owners of the building where Bakey's is located.)

Employee's of Bakey's Restaurant who were working on September 7, 2004.

Representative of City of Boston – Inspectional Services Department.

Defendant reserves the right to supplement this list after seeing the plaintiffs' witness list.

## 4.    DEFENDANT'S EXHIBITS

A.    Records of the City of Boston Inspectional Services Department pertaining to the dates of work done on the premises, reflecting in part that no permits for renovations or building permits have issued since approximately 1988.

B.    Records of inspections by City of Boston Inspection Services Department

C.    Building plans for the restaurant.

D.    Restaurant lease.

D.    Photographs of the interior and exterior of the premises.

E.    Report of Joseph Cooney, defendant's expert, on his inspection of the premises and his opinion on the absence of readily achievable accessibility alterations.

Defendant reserves the right to supplement this list upon seeing the plaintiffs' list of proposed exhibits.

> Respectfully submitted,
> HDP, INC.
> By its Attorney,
>
>
> /s/ Brian J. McMenimen
> Brian J. McMenimen
> BBO # 338840
> Adler Pollock & Sheehan P.C.
> 175 Federal Street
> Boston, Massachusetts 02110
> (617) 482-0600
> bmcmenimen@apslaw.com
> Dated: March 26, 2007

5

*412888_1*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 26, 2007.


/s/ Brian J. McMenimen
Brian J. McMenimen

6

412888_1