UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. SPALLUTO<br>and ACCESS WITH SUCCESS, INC.,<br>    Plaintiffs<br><br>v.<br><br>HDP, INC.,<br>    Defendant | )<br>)<br>) CIVIL ACTION NO.: 05-cv-10385EFH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF PLAINTIFFS TO DEFENDANT'S
## MOTION TO DISMISS FOR ALLEGED FAILURE TO ATTEND DEPOSITIONS

The plaintiffs, Peter A. Spalluto and Access with Success, Inc., respectfully oppose the defendant's motion to dismiss for their alleged failure to attend depositions as ordered by the Court. In support of their motion, the plaintiffs rely upon the facts and authorities set forth in the accompanying memorandum of law.

WHEREFORE, the plaintiffs pray that the defendant's motion will be denied.

Respectfully submitted, The Plaintiffs,
Peter A. Spalluto and Access With Success,
Inc.

By their Attorneys,

/s/Nicholas S. Guerrera
Nicholas S. Guerrera, BBO#551475
Shaheen, Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

## REQUEST FOR ORAL ARGUMENT

The plaintiffs respectfully request an opportunity to be heard in opposition to the defendant's motion.

## CERTIFICATE OF SERVICE

    I, Nicholas S. Guerrera, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent, via First-Class Mail, to those indicated as non-registered participants, on this 2d day of April 2007.

Dated: April 2, 2007

/s/Nicholas S. Guerrera
Nicholas S. Guerrera

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. SPALLUTO<br>and ACCESS WITH SUCCESS, INC.,<br>    Plaintiffs<br><br>    v.<br><br>HDP, INC.,<br>    Defendant | )<br>)<br>) CIVIL ACTION NO.: 05-cv-10385EFH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR ALLEGED FAILURE TO ATTEND DEPOSITIONS**

I.   PETER A. SPALLUTO

The plaintiffs cannot patronize the defendant's downtown Boston restaurant, Bakey's, because it is inaccessible to persons in wheelchairs. They seek an injunction requiring the defendant to make the restaurant minimally accessible to persons in wheelchairs. The defendant would rather not make such changes. The defendant would rather give Peter Spalluto the Hobson's choice of either having his case dismissed or risking severe illness by traveling from home in Florida to a deposition in Boston in the winter.

The Amended Complaint states,

"The plaintiff, Peter A. Spalluto, resides at 1620 North Ocean Boulevard, Pompano Beach, FL 33062. Mr. Spalluto is a quadriplegic who relies completely upon a wheelchair for ambulation. He suffered a spinal cord injury in a swimming pool accident in 1966 when he was twenty years old." (*Amended Complaint*, ¶4).

Karin Zachow, M.D. is Mr. Spalluto's primary care physician. She states, in her letter of March 22, 2007, "It would pose an unreasonable health risk for Mr. Spalluto to travel to Massachusetts at any time in the winter months." (Exh. A). Plaintiffs' counsel

has informed defense counsel about Mr. Spalluto's fragile health on numerous occasions since October 2006.[1]

Currently, Mr. Spalluto is convalescing from a bout of pneumonia. He was hospitalized in the Miami VA Medical Center during the first two weeks of February 2007. (Exh. A). Pneumonia is a leading cause of death in quadriplegics. (Exh. A). Air travel and exposure to cold weather will significantly increase Mr. Spalluto's risk of death due either to pneumonia or to aggravation of his "already significant coronary artery disease." (Exh. A). Dr. Zachow has strongly recommended against Mr. Spalluto traveling to Massachusetts to participate in a trial on April 9, 2007. (Exh. A).

The Court entered an order on January 8, 2007 compelling Mr. Spalluto to appear at his deposition. Plaintiff's counsel did not seek a protective order in response. Mr. Spalluto and his counsel did not, however, willfully disregard the Court's order.

The parties have been in settlement negotiations since the Pretrial Conference in October 2006 (as reflected in the Electronic Clerk's Notes for that proceeding). Before the Pretrial Conference, the plaintiffs gave the defendant an expert report and a written settlement proposal, including a demand for attorneys' fees and litigation costs. The attorneys have discussed the terms of a settlement. The possibility of settlement has remained open until now, but the defendant never has made a specific counteroffer.

Rather than involve the Court in a discovery dispute in the midst of settlement negotiations, plaintiffs' counsel proposed alternatives to having Mr. Spalluto travel to Boston for a deposition in the winter. As stated in the transcript of Mr. Spalluto's

---

[1] Mr. Spalluto has traveled to Massachusetts in past summers, but never in the winter because of the risks it poses to his health; he intends to return to Boston in the summer of 2007. The instance of discrimination giving rise to this action occurred in Boston on September 7, 2004.

deposition (attached as Exhibit 5 to defendant's Memorandum) plaintiff's counsel proposed traveling to Florida to take Mr. Spalluto's deposition at each party's expense. He proposed to make arrangements to conduct the deposition by video teleconference or by telephone, or to have Mr. Spalluto appear at a deposition in Boston when the weather is more equable than in winter or early spring. Recently, plaintiffs' counsel offered to pay defense counsel's airfare to Florida. The defendant rejected all proposals other than having Mr. Spalluto come to Boston in the winter.

In retrospect, it would have been more prudent for the plaintiffs to have sought a protective order immediately. Plaintiffs' counsel's never intended to disregard the discovery order. Rather, the intention was to protect Mr. Spalluto's health and resolve the discovery issue (and possibly the entire case) without seeking the Court's assistance. That approach was regrettably optimistic as proven by the fact that the defendant has filed a motion to dismiss.

The Court should not dismiss Mr. Spalluto's case. Not every failure to obey a discovery order warrants the drastic sanction of dismissal. The Court has broad discretion under *Fed. R. Civ. P. 37(b)(2)* "to make such orders in regard to the failure as are just," including an order "staying further proceedings until the order is obeyed." *Fed. R. Civ. P. 37(b)(2)(C)*. An order staying further proceedings until Mr. Spalluto is healthy and able to travel to Boston for a deposition in milder weather would be appropriate for the following reasons:

(1)    The plaintiffs did not defy the Court's order. Rather, they attempted in good faith to resolve a discovery dispute without the Court's assistance against a background of ongoing settlement discussions. There was no willful disobedience. There was no deliberate delay. There was no conduct causing unfair prejudice to the defendant. To dismiss the case would be to punish conduct that Courts ordinarily would encourage;

3

(2) Mr. Spalluto intended and still intends to comply with the discovery order, but his unstable health prevents him from traveling to Boston in the winter, a fact of which defense counsel has been aware; and

(3) Mr. Spalluto's health remains precarious. His doctor strongly recommends against his traveling to Boston for a trial on April 9, 2007.

Dismissal with prejudice is a harsh sanction that runs counter to established policy in the First Circuit favoring disposition of cases on the merits. *Big Top USA, Inc. v. Wittern Group*, 183 F.R.D. 331, 338 (D. Mass. 1998); *citing Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir. 1990). Contrary to the defendant's assertions, the plaintiffs' case is meritorious. It should be decided on its merits. Even if, as the defendant argues, there were no structural alterations to the restaurant since January 26, 1992, there are barriers to wheelchair access on the premises that the defendant must remove under the ADA's "readily achievable" standard. (*Amended Complaint*, ¶ 59). "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 USC § 12181(9).[2] The owner of a place of public accommodation must take readily achievable measures to improve access even when an existing building has not been altered. *See Disabled Americans for Equal Access, Inc. v. Ferries del Caribe, Inc.*, 405 F.3d 60, 64, n.5 (1st Cir. 2005). Examples of "readily achievable" barrier removal in the defendant's facility would include the installation of a ramp from the public sidewalk, directional signs indicating the location of an accessible entrance, new handrails, and door hardware; grab bars on the walls adjacent to the toilets; coat hooks, paper dispensers, and sink counters lowered to the prescribed reach ranges for persons in wheelchairs, the insulation of drain pipes in the lavatory to prevent contact burns to the

---

[2] Under 42 USC § 12182(b)(2)(A)(iv), the definition of discrimination includes a failure to remove architectural barriers in an existing facility where such removal is readily achievable.

lower extremities of persons in wheelchairs, and rearranging tables. *See* 28 C.F.R. § 36.304. The plaintiffs have requested the aforementioned "readily achievable" alterations (and several others) as part of their settlement demand.

Dismissal is not appropriate when, as in this case, "it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of the [party]." *National Hockey League v. Metropolitan Hockey League*, 427 U.S. 639, 640 (1976) (*quoting Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958). Courts consider the following factors in applying the appropriate sanction: (1) the willfulness or bad faith of the non-complying party; (2) the prejudice to the opposing party; (3) whether the procedural history indicates protracted inaction or deliberate delay; (4) disregard of earlier warnings of the consequences of the misconduct; and (5) the availability of less draconian factors. *Big Top USA, Inc. v. Wittern Group*, 183 F.R.D. 331, 338 (D. Mass. 1998); *citing In re Selected Somersworth Bank Cases*, 148 F.R.D. 1, 4 (D. Me. 1993). In considering the foregoing factors, the Court should deny the defendant's request for a dismissal and enter an order pursuant to *Fed. R. Civ. P. 37(b)(2)(C)* staying further proceedings, including the trial on April 9, 2007, until Mr. Spalluto's health stabilizes, such that he is able to travel to a deposition in Boston during the summer months.

II.   ACCESS WITH SUCCESS, INC.

The Court also should deny the defendant's motion to dismiss the claims of the plaintiff, Access with Success, Inc. (hereinafter "AWS"). As stated in the Amended Complaint:

> "AWS is a civil rights group organized by individuals with disabilities to advocate for disabled persons' integration into society and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominantly, but not exclusively, individuals with various

physical disabilities impairing mobility, vision and hearing. One of the primary purposes of AWS is to assure that places of public accommodation are accessible to, and usable by persons with disabilities. Title III of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability." (*Amended Complaint*, ¶2).

AWS is not a social club. Nor is it a service organization as the defendant perhaps conceives it must or should be. Its purpose is to bring about compliance with the ADA through litigation.

Schedule A of the defendant's deposition notice under Rule 30(b)(6) requested that AWS designate a person to testify on the following matters:

> "1. Every matter and assertion alleged in the plaintiffs' complaint, including the factual basis for the assertion appearing in paragraph 24 that HDP, Inc. has made renovations to the premises since January 26, 1992.
>
> "2. The identity of persons who have personal knowledge of the matters alleged in the complaint.
>
> "3. The activities of the plaintiff with respect to other claims made or actions commenced by it under the Americans with Disabilities Act."

AWS designated Mr. Dino Theodore to testify on the matters identified in Schedule A. He was not designated to testify on matters outside of Schedule A, such as how one becomes a member of AWS, whether he personally knows all of the other members of AWS, whether AWS has a website, or what social services AWS provides. Contrary to the defendant's argument, any deficit in Mr. Theodore's knowledge on matters outside Schedule A cannot constitute grounds for dismissal.

Like Mr. Spalluto, Mr. Theodore is a member of AWS. (*Amended Complaint*, ¶1). He has been a member since 2004. (Dep. of AWS, p. 10, line 19).[3] He has been admitted to practice law in Massachusetts since 1994. (Dep. of AWS, p. 8, line 6). He

---

[3] The deposition transcript is attached to defendant's memorandum as Exhibit 6.

sustained an accidental gunshot wound to the T7 vertebrae in 1981. He is paraplegic. He always uses a wheelchair for ambulation. (*Amended Complaint*, ¶2).

The defendant argues, "Mr. Theodore, as 30(b)(6) spokesperson for Access with Success, Inc., had no pertinent information concerning any of the topics identified in Schedule A." That is a gross exaggeration. A fair reading of the transcript reveals otherwise.[4]

In regard to the first matter on which testimony was sought, Mr. Theodore described the factual basis for the allegation of discrimination against AWS. (Dep. of AWS, p. 44, lines 14-21). He testified that since 1993 he has known that all entrances to Bakey's have stairs and that the facility is inaccessible to persons in wheelchairs. (Dep. of AWS, p. 52, lines 22-24 and p. 53, lines 11-17). Like Mr. Spalluto, Mr. Theodore never has been able to go inside Bakey's. (Dep. of AWS, p. 53, lines 18-24).

Because he cannot go inside Bakey's, Mr. Theodore has no first hand knowledge of interior architectural barriers such as those alleged in paragraphs 35 through 53 of the Amended Complaint. (Dep. of AWS, p. 57-64). In preparation for the deposition on January 24, 2007, Mr. Theodore read an inspection report of Bakey's, but could not recall whether the inspection was done before or after the filing of the original complaint. (Dep. of AWS, p. 56, lines 1-7). He did not refuse or fail to answer the questions put to him in this regard. He candidly did not recall.

---

[4] There were some matters as to which Mr. Theodore's memory or knowledge was incomplete. Defense counsel stated at the end of the deposition that he "may be required to seek a further deposition of Access with Success, Incorporated, to find a spokesperson who has knowledge of some of the matters contained in Schedule A that Mr. Theodore does not have any knowledge of." (Dep. of AWS, p. 64, lines 14-18). The plaintiffs did not object to that proposal.

Mr. Theodore's lack of memory on the subject of a pre-complaint inspection should not be grounds for dismissal of AWS' claims. The defendant was not unfairly prejudiced by it. On April 14, 2006, as part of their Mandatory Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) the plaintiffs produced a September 28, 2004 report of Access-Ability, Inc. (Exh. B). The report identified architectural barriers inside Bakey's that were subsequently alleged in paragraphs 35 through 53 of the Amended Complaint.[5]

In regard to the second subject, "[t]he identity of persons who have personal knowledge of the matters alleged in the complaint," Mr. Theodore identified himself and Mr. Spalluto as persons who have personal knowledge that a person in a wheelchair cannot get inside Bakey's. (Dep. of AWS, p. 63, lines 3-12). Mr. Theodore did not refuse or fail to answer the questions put to him in this regard.

In regard to the third item, "[t]he activities of the plaintiff with respect to other claims made or actions commenced by it under the Americans with Disabilities Act," Mr. Theodore testified that he was personally aware of more than seven cases in which AWS was a plaintiff. (Dep. of AWS, p. 12-16). He did not refuse or fail to answer the questions put to him in this regard.

There was nothing in the AWS deposition that was "reprehensible" or "almost sinister" as the defendant argues. There was no "explicit repudiation of this court's order" as the defendant claims. There was no prejudice to the defendant as a result of the

---

[5] When Mr. Spalluto's health improves, he would testify, if permitted by the Court, as to the genesis of the September 28, 2004 report. He would testify that on September 7, 2004 he was accompanied by his personal assistant and driver, Mr. Jamie Cipriani, 116 McCabe Avenue, Bradley Beach, NJ 07720. When Mr. Spalluto learned that he could not get inside Bakey's, Mr. Cipriani went inside and made the observations described in the September 28, 2004 report. He reported his observations to Mr. Spalluto. Mr. Spalluto authored the report. Angela Medina, a staff member of Access-Ability, Inc., typed the report.

deposition and there is no good cause to impose the drastic sanction of dismissal. Insofar as the defendant will not voluntarily allow persons in wheelchairs inside its establishment, the plaintiffs respectfully request this Court's judgment in their favor.

WHEREFORE, the plaintiffs pray the defendant's motion to dismiss will be denied and that the Court will enter an order under *Fed. R. Civ. P. 37(b)(2)* staying further proceedings until Mr. Spalluto is healthy and able to travel to a deposition in Boston during the summer months.

> Respectfully submitted, The Plaintiffs,
> Peter A. Spalluto and Access with Success, Inc.
>
> By their Attorneys,
>
>
> /s/Nicholas S. Guerrera
> Nicholas S. Guerrera, BBO#551475
> Shaheen, Guerrera & O'Leary, LLC
> Jefferson Office Park
> 820A Turnpike Street
> North Andover, MA 01845
> (978) 689-0800

## CERTIFICATE OF SERVICE

I, Nicholas S. Guerrera, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent, via First-Class Mail, to those indicated as non-registered participants, on this 2d day of April 2007.

Dated: April 2, 2007

/s/Nicholas S. Guerrera
Nicholas S. Guerrera



**DEPARTMENT OF VETERANS AFFAIRS**
Medical Center
1201 Northwest 16th Street
Miami FL 33125-1693

In Reply Refer To:

22 March 2007

To Whom It May Concern:

My patient, Mr Peter Spalluto, is quadriplegic and therefore at high risk for respiratory complications. He has been under Veteran's Administration medical care since his injury in 1966. During the first two weeks of February 2007, Mr Spalluto was hospitalized with pneumonia at the Miami VA Medical Center. A leading cause of death in quadriplegics is pneumonia; he is still convalescing from that illness.

It would pose an unreasonable health risk for Mr Spalluto to travel to Massachusetts at any time in the winter months. The cold weather can elicit bronchospasm which would exacerbate the pulmonary problem. He was prescribed home oxygen treatment at the time of discharge from the acute care hospital-both flying and cold weather could be expected to drive his oxygen levels below acceptable even with supplemental oxygen. Low oxygen tension will worsen his already significant coronary artery disease. For health related reasons, I have strongly recommended against traveling to Massachusetts to participate in a trial on April 9, 2007.

Should you require further information, I can be contacted at the Miami VA Spinal Cord Injury/Disease Center at 305 575 3174 during normal business hours

Karin Zachow MD, CWS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER A. SPALLUTO )
and ACCESS WITH SUCCESS, INC., )
        Plaintiffs ) CIVIL ACTION NO.: 05-cv-10385EFH
)
    v. )
)
HDP, INC., )
        Defendant )
)

## PLAINTIFF'S MANDATORY DISCLOSURES PURSUANT TO FED. R. CIV P. 26(a)(1)

**A.**     **Persons Likely To Have Discoverable Information**

1. Peter A. Spalluto
   1620 North Ocean Boulevard
   Pompano Beach, FL 33062

2. All persons likely to have discoverable information as identified in the defendant's mandatory disclosures

**B.**     **Description And Location Of Relevant Documents**

1. Report of Access-Ability, Inc. dated September 28, 2004 attached hereto.

**C.**     **Computation Of Damages**

The plaintiff has incurred no special damages in relation to the violation of his civil rights, contract damages or other categories of damages susceptible to arithmetical computation. He seeks compensatory and exemplary damages for the violation of his civil rights by the defendant in an amount to be determined by the trier of fact. The plaintiff also seeks an award of attorney's fees and costs.

**D.**     **Insurance Agreements**

The plaintiff has no insurance agreements. He knows of no insurance agreements applicable to this case.

                                                    Respectfully submitted,
                                                    The Plaintiff, Peter A. Spalluto,

                                                    By his Attorney,

                                                                      */s/ Nicholas S. Guerrera*
                                                      Nicholas S. Guerrera, BBO#551475
                                                      Shaheen Guerrera & O'Leary, LLC
                                                      Jefferson Office Park
                                                      820A Turnpike Street
                                                      North Andover, MA 01845
Dated: April 14, 2006                                  (978) 689-0800

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail pursuant to Fed. R. Civ. P. 5.

Dated: April 14, 2006                                  */s/ Nicholas S. Guerrera*
                                                      Nicholas S. Guerrera

# *ACCESS-ABILITY, INC.*

610 E. Sample Road, Pompano Beach, FL 33064
VOICE: (954) 942-1882   FAX: (954) 781-1282
CGC#: 051895   FED ID#: 650386560
www.access-ability.com

September 28, 2004

Shaheen, Guerrera & O'Leary LLC
820A Turnpike Street
North Andover, MA 01845

Re:  Bakey's Restaurant and Bar
     45 Broad Street
     Boston, Ma 02109

Dear Mr. Guerrera,

Access 4 All, Inc. has requested that an investigative report on ADA violations for the above-referenced property be sent to you. Obvious areas of non-compliance exist. We observed and noted the following:

## **Entrance Access and Path of Travel**

1. There are no ramps at this facility that allows disabled patrons to gain access to the hotel.

2. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

3. The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

4. There are rises at the thresholds of entrances at the facility in excess of ¾ of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG.

5. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

6. There are doors at this facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

7. There are interior doors at several locations of the building which require excessive force to open at the facility, in violation of Section 4.13.11 of the ADAAG.

8. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

9. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

10. There is no means of emergency egress or area of rescue assistance provided at the facility violating the requirements of Section 4.3.11 of the ADAAG.

## Access to Goods and Services

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

2. There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

3. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

4. There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG.

5. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

## Restrooms

1. There are no disabled restrooms at this facility in violation of several Sections of the ADAAG.

2. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG.

3. The sinks in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG.

4. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

5. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

6. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

7. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

8. There are dispensers provided for public use in the restrooms with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

9. Toilet flush control not provided at side of entry which does not comply with the requirements of the ASAAG Section 4.16.3

A more detailed follow up report should be performed in the presence of the property owner or manager. There may be other violations of the Americans with Disabilities Act that may be revealed in said inspection.