UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER A. SPALLUTO                           )
and ACCESS WITH SUCCESS, INC.               )
    Plaintiffs                              )
                                            )          CIVIL ACTION NO.:
    Vs.                                     )          05-CV-10385-EFH
                                            )
HDP, INC.,                                  )
    Defendant                               )
                                            )

**DEFENDANT HDP, INC.'s MEMORANDUM IN SUPPORT
OF ITS SECOND MOTION TO DISMISS
THE PLAINTIFFS' COMPLAINT FOR
FAILURE TO COMPLY WITH THE COURT'S
DISCOVERY ORDER**

## STATEMENT OF FACTS

On or about March 22, 2007, defendant HDP, Inc. moved to dismiss the above

numbered complaint, following the failure of plaintiff Peter A. Spalluto to appear for his

deposition, and the failure of the corporate plaintiff, Access with Success, Inc., to

properly respond to the deposition notice directed toward it under Rule 30(b)(6).

Defendant respectfully invites this Court to take judicial notice of the defendant's motion,

memorandum in support thereof and attached exhibits, which are part of the Court's

docket in this case, and which set out the arguments made at that time.

On April 3, 2007, the Court denied the motion to dismiss and directed that the

depositions proceed at a time mutually agreeable to the parties. Thereafter, the defendant

contacted plaintiffs' counsel some three times, seeking dates to conduct the depositions.

In October, 2007, defendant's counsel wrote to plaintiffs' counsel again asking for dates

when the plaintiffs would be available.  A copy of that letter is attached hereto as Exhibit B.

Defense counsel did not receive a reply to that letter.  Finally, in February 2008, the defendant served deposition notices on plaintiffs' counsel scheduling their appearance on April 16, 2008.  Plaintiffs' counsel advised that Mr. Spalluto was not available on that date.  Through an exchange of correspondence it became clear that Mr. Spalluto would not cooperate with the scheduling of his deposition other than at a time of his own choosing, and the defendant advised his attorney that it intended conduct his deposition on the scheduled date of April 16.

On the day before the depositions, plaintiffs moved for an order postponing them. Defendant served an opposition to the plaintiffs' motion, pointing out that in the past seven and a half years, Mr. Spalluto appears to have filed one hundred forty-one civil actions in federal courts in seven states.  Indeed, he has filed eight actions in the US District Court for this District in the past three to four years.  His ability to travel when it suits his purposes appears to be unimpeded, even given his disability.

This Court denied plaintiffs' motion for a protective order.  However, neither plaintiff appeared for their depositions (a copy of the deposition transcript is attached to this Memorandum as Exhibit A.)

**ARGUMENT**

The plaintiffs' complaint should be dismissed by the Court with prejudice, forthwith.  The plaintiffs' previous refusals to appear for their depositions were the subject of the defendant's earlier motion to compel their attendance, which was allowed

2

by the Court on January 8, 2007, with the admonition that their failure to appear would be grounds for dismissal of the complaint.

Defendant again noticed the depositions. Mr. Spalluto refused to appear altogether, and the corporate plaintiff appeared through a so-called spokesperson whose ignorance of the corporation and its affairs was sweeping.

The defendant filed a motion to dismiss the complaint which was denied by the Court on April 3, 2007 with the Court's instruction that the depositions were to proceed before the case would return to the trial list.

Defendant made several attempts to secure a date for the depositions. Those attempts were memorialized in a letter to plaintiffs' counsel attached hereto as exhibit B. There being no response to that letter, the depositions were properly noticed for April 16, 2008. Once again, both plaintiffs failed to appear.

F.R.C.P. 37 (b)(2)(C) allows the Court to dismiss the action if a party fails to obey an order to provide discovery. The appropriate sanction is dismissal, an action taken by this Court and affirmed by the 1st Circuit in the past. See, Young v. Gordon, 330 F3d 76 (1st Cir. 2003).

The Rules regarding discovery do not countenance this conduct. F.R.C.P. 37, as cited above, gives this Court the authority to dismiss the complaint for failure to comply with a discovery order. Plaintiffs have repeatedly refused to comply, and their complaint should be dismissed.

The First Circuit does not countenance such conduct. Young v. Gordon, 330 F3d 76 (1st Cir. 2003), *supra.* See also, Damiani v. Rhode Island Hospital, 704 f. 2d 12 (1st Cir. 1983); Rivera Diaz v. American Airlines, Inc., 433 F.3d 120 (1st Cir. 2005).

*452984_1*

In <u>Diaz</u>, *supra*, the First Circuit, citing <u>HMG Prop. Investors, Inc. v. Parque Industrial Rio Canas, Inc.</u>, 847 F.2d 908 (1st Cir. 1988), pointed out:

> The law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal. *Op. Cit.* 847 F.2d, at 918.

Neither plaintiff is a stranger to litigation. As part of defendant's earlier motion to dismiss, it noted that Access with Success, Inc. was or is a plaintiff in 19 suits pending in federal courts in this District. As reported earlier, Mr. Spalluto has filed 141 lawsuits in federal courts in several states in the past few years, most recently about 10 days ago in New Jersey.(*Spalluto* and *Access 4 All, Inc., et al. v. Trahanas Realty LLC, et al.*, USDC DNJ, No.3:2008cv01754, filed 04/10/2008)

Both defendants have also been warned that the sanction of dismissal will be imposed in light of their conduct.

Wherefore Defendant HDP, Inc. moves for the entry of an order dismissing the complaint against it as to both plaintiffs, with prejudice.

Respectfully submitted,
HDP, INC.
By its Attorney,


/s/ Brian J. McMenimen
Brian J. McMenimen
BBO # 338840
Adler Pollock & Sheehan P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600
bmcmenimen@apslaw.com
Dated: April 30, 2008

4

*452984_1*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 30, 2008.

/s/ Brian J. McMenimen
Brian J. McMenimen

*452984_1*

1                              <u>VOL. I</u>

2                              <u>PAGES 1-7</u>

3                              <u>EXHIBITS 1-5</u>

4

5              UNITED STATES DISTRICT COURT

6              DISTRICT OF MASSACHUSETTS

7

8

9    PETER A. SPALLUTO and        )
     ACCESS WITH SUCCESS, INC.,   )
10              Plaintiff,        )      CIVIL ACTION
                                  )   No. 05-CV-1038EFH
11              vs                )
                                  )
12   HDP, INC.,                   )
                Defendant.        )
13

14

15              SCHEDULED 30 (b) (6) DEPOSITION of

16   ACCESS BY SUCCESS and SCHEDULED DEPOSITION of

17   PETER A. SPALLUTO, taken on behalf of the

18   defendant, pursuant to the applicable provisions

19   of the Federal Rules of Civil Procedure, before

20   David J. Mahaney, a Notary Public in and for the

21   Commonwealth of Massachusetts, at the offices of

22   Adler Pollock & Sheehan, PC, 175 Federal Street,

23   Boston, Massachusetts, on Wednesday, April 16,

24   2008, commencing at 10:11 a.m.

```
1    APPEARANCES:

2                        Adler Pollock & Sheehan, PC (by

3    Brian J. McMenimen, Esq.) 175 Federal Street,

4    Boston, Massachusetts 02110 for the defendant.

5

6

7

8

9                        I N D E X

10

11

12   Scheduled Depositions of:                    Page

13   ACCESS BY SUCCESS and PETER A. SPALLUTO

14

15

16

17   Exhibits                                      Page

18   No. 1    Letter 2/28/08                         3

19   No. 2    Re-Notice of Taking Deposition         3

20   No. 3    Re-Notice of Taking Deposition         3

21   No. 4    Letter via fax 3/26/08                 3

22   No. 5    Letter via fax and first class mail

23            3/27/08                                3

24
```

1    (Exhibit No. 1 letter 2/28/08 marked)

2    (Exhibit No. 2 Re-Notice of Taking Deposition

3    marked)

4    (Exhibit No. 3 Re-Notice of Taking Deposition

5    marked)

6    (Exhibit No. 4 letter via fax 3/26/08 marked)

7    (Exhibit No. 5 letter via fax and first class

8    mail 3/27/08 marked)

9

10    MR. McMENIMEN:    The time by my

11    watch is 11 past 10 on Wednesday, April 16,

12    2008.  I am in a conference room at my offices

13    at 175 Federal Street, Boston, Mass. with the

14    stenographer, David Mahaney.

15    The plaintiff in this action, Mr.

16    Peter Spalluto, and the corporate plaintiff,

17    Access With Success, Incorporated, both

18    represented by Attorney Guerrera, are not

19    present.  And for reasons that I will state in a

20    moment, I have no reason to believe that they

21    will be present and I am making this recitation

22    for the purposes of making a record of that.

23    There are a series of pre-numbered

24    deposition exhibits.  Pre-numbered Exhibit 1 is

1    a letter by me to Attorney Guerrera dated

2    February 28, 2008 enclosing the two Re-notices

3    of Depositions, one of the plaintiff Access With

4    Success, Inc., and the other of plaintiff Peter

5    Spalluto both scheduled for today, one at 10

6    o'clock, one at 12 o'clock.

7              And, again, in fact believing that

8    Mr. Spalluto will not appear based upon the

9    representations of Attorney Guerrera I am going

10   to make this recitation for both depositions and

11   I shall ask the court reporter to caption this

12   as the depositions of both plaintiffs.

13             The second deposition exhibit is the

14   Re-notice of the Taking of the 30 (b) (6)

15   Deposition of Plaintiff Access With Success,

16   Incorporated, scheduled to take place at 10

17   o'clock in morning.  As I mentioned earlier,

18   neither plaintiff's counsel nor any spokesperson

19   for the corporation is present.

20             The third premarked exhibit is

21   deposition Exhibit 3 which is the Re-notice of

22   the Taking of the Deposition of Peter Spalluto.

23   That deposition is scheduled for 12 o'clock.

24   However, based upon correspondence with Attorney

1      Guerrera and the fact that he has filed a motion

2      seeking a protective order to stay the taking of

3      Mr. Spalluto's deposition, I have no reason to

4      believe that Mr. Spalluto will be here at 12

5      o'clock.  In fact, I'm going to suspend the

6      deposition when I complete this colloquy.

7                Deposition Exhibit No. 4 is a letter

8      which I received by email on March 26, 2008.

9      Hard copy was received in my office on March 28,

10     2008 as a letter from Attorney Guerrera to me

11     advising me that Mr. Spalluto is not available

12     on April 16, 2008 for his deposition and

13     questioning my intent to re-notice the

14     deposition of the 30 (b) (6) deposition of

15     Access With Success, Incorporated.

16                Deposition Exhibit No. 5 is my

17     response by letter dated March 27, 2008 to Mr.

18     Guerrera in which I advise Mr. Guerrera that

19     unless he can give me alternative dates that are

20     mutually acceptable to me and my clients as well

21     as his, I was going to press for the taking of

22     the depositions on the 16th, as I have tried to

23     take the deposition of Mr. Spalluto on at least

24     three or four occasions previous to this, by my

1    recollection.

2              I would note for the record that

3    yesterday afternoon I received notice by

4    electronic filing that Mr. Guerrera had filed a

5    motion seeking a protective order staying the

6    deposition alleging that his client, who is a

7    quadriplegic - Mr. Spalluto I'm talking about -

8    is unable to travel.

9              I filed an opposition to that motion

10   for protective order yesterday afternoon in

11   which I included a report from the Federal Court

12   Electronic Records System, PACER, indicating

13   that from January 1, 2000 to April 14, 2008 Mr.

14   Spalluto has filed some 141 lawsuits in, I

15   believe, eight states.  So I question the candor

16   of the representation that he's unable to

17   travel.

18              By my watch it's now 10:17.  I will

19   suspend this deposition pending further action

20   by the court or pending the filing of further

21   appropriate motions on behalf of the defendants.

22              (Whereupon at 10:17 a.m. the

23   scheduled depositions were suspended)

24

1                          <u>CERTIFICATE</u>

2

3    Commonwealth of Massachusetts

4    Suffolk, ss.

5

6

7

8            I, David J. Mahaney, a Notary Public

9    in and for the Commonwealth of Massachusetts, do

10   hereby certify that the foregoing record, pages

11   1 through 7, inclusive, is a complete, accurate

12   and true transcription of my stenographic notes

13   taken in the aforementioned matter to the best

14   of my skills and ability.

15

16

17

18

19                          _____

20                          David J. Mahaney

21

22

23   My Notary Public expires:

24   January 9, 2015

ADLER POLLOCK ⊗ SHEEHAN P.C.

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

www.apslaw.com
*Direct Dial No. 617-603-0510*
*bmcmenimen@apslaw.com*

February 28, 2008

DEPOSITION
EXHIBIT
/
4/16/08

Nicholas S. Guerrera, Esq.
Shaheen, Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA  01845

Re:     Spalluto et al. v. HDP, Inc.; USDC Civil Action No. 1:05-cv-10385-EFH
        Our File No.:  400806-002

Dar Mr. Guerrera:

        Enclosed please find the Re-Notice of Taking 30(b)(6) Deposition of Access With
Success, Inc. scheduled for Wednesday, April 16, 2008 at 10:00 a.m. and Re-Notice of Taking
Deposition of Peter Spalluto for Wednesday, April 16, 2008 at 12:00 p.m.  Both depositions will
take place at Adler, Pollock & Sheehan, 175 Federal Street, 10th Floor, Boston, MA.

                                    Sincerely yours,

                                    Brian J. McMenimen

BJM/elb
Enclosures
cc:     Mahaney Reporting Services
        Michael Paquin
*446233_1.doc*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DEPOSITION
EXHIBIT
2
4/16/08

|  |  |  |
|---|---|---|
| PETER A. SPALLUTO and | ) | |
| ACCESS WITH SUCCESS, INC. | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: 05-cv-10385EFH |
|  | ) | |
| v. | ) | |
|  | ) | |
| HDP, INC., | ) | |
| Defendant. | ) | |

### <u>RE-NOTICE OF TAKING 30(b)(6) DEPOSITION</u>

To:    Nicholas S. Guerrera
       Shaheen, Guerrera & O'Leary, LLC
       Jefferson Office Park
       820A Turnpike Street
       North Andover, MA 01845

Please take notice that at 10:00 a.m. on Wednesday, April 16, 2008 at the offices of Adler Pollock & Sheehan, P.C., 175 Federal Street, Boston, Massachusetts, the defendant in this action, by its attorney will take the deposition upon oral examination of Access With Success, Inc. pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before Mahaney Reporting Services, Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The defendants requests that Access With Success, Inc. designate one or more officers, directors, managing agents, or other persons who consent to being designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) on the matters described in Schedule A.

You are invited to attend and cross-examine.

Respectfully submitted,
DEFENDANT HDP, INC.
By its attorney,

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by (mail (by hand)) on

Brian McMenimen, BBO # 338840
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, MA 02110
(617) 482-0600 Telephone
(617) 482-0604 Facsimile

Dated: February 28, 2008
446225_1.doc

Schedule A

1.      Every matter and assertion alleged in the plaintiffs' complaint, including the
        factual basis for the assertion appearing in paragraph 24 that HDP, Inc. has
        made renovations to the premises since January 26, 1992.

2.      The identity of persons who have personal knowledge of the matters alleged
        in the complaint.

3.      the activities of the plaintiff with respect to other claims made or actions
        commenced by it under the Americans with Disabilities Act.



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PETER A. SPALLUTO and )
ACCESS WITH SUCCESS, INC. )
      Plaintiff, )     **CIVIL ACTION NO.: 05-cv-10385EFH**
       )
v. )
       )
HDP, INC., )
      Defendant. )

<u>RE-NOTICE OF TAKING DEPOSITION</u>

To:    Nicholas S. Guerrera
       Shaheen, Guerrera & O'Leary, LLC
       Jefferson Office Park
       820A Turnpike Street
       North Andover, MA 01845

     Please take notice that at 12:00 p.m. on Wednesday, April 16, 2008 at the offices of Adler Pollock & Sheehan, P.C., 175 Federal Street, Boston, Massachusetts, the defendant in this action, by its attorney will take the deposition upon oral examination of Peter Spalluto pursuant to the Federal Rules of Civil Procedure, before Mahaney Reporting Services, Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

     You are invited to attend and cross-examine.

                         Respectfully submitted,
                         DEFENDANT, HDP, INC.
                         By its attorney,

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____ 2/28/08

                         Brian McMenimen, BBO # 338840
                         ADLER POLLOCK & SHEEHAN, P.C.
                         175 Federal Street
                         Boston, MA 02110
                         (617) 482-0600 Telephone
                         (617) 482-0604 Facsimile

Dated: February 28, 2008

*446231_1.doc*

# SHAHEEN GUERRERA & O'LEARY, LLC

Peter G. Shaheen**
Nicholas S. Guerrera**
Sean P. O'Leary**
Carol A. O'Leary†
Michelle Doucette‡

*   Admitted in MA
**  Admitted in MA and NH
†   Admitted in MA, NH,
    ME and CT

Jefferson Office Park
820A Turnpike Street
North Andover, Massachusetts 01845
Telephone: (978) 689-0800  Toll Free: (866) 665-5834
Facsimile: (978) 794-0890
E-mail: nguerrera@sgolawoffice.com

RECEIVED
ADLER POLLOCK & SHEEHAN PC, INC.

MAR 2 8 2008



COPY

DEPOSITION
EXHIBIT
4
4/16/08      _____

March 26, 2008

BY FAX 617-482-0604 AND FIRST CLASS MAIL
Brian J. McMenimen, Esq.
Adler, Pollock & Sheehan, P.C.
175 Federal Street
Boston, MA  02110-2890

RE:     *Peter A. Spalluto, et al. v. HDP, Inc.*,
        U.S.D.C. Civil Action Number: 05-10385EFH

Dear Mr. McMenimen:

        I am writing to you in regard to the deposition notices of Mr. Spalluto and Access with Success.

        Mr. Spalluto is not available on April 16, 2008.  He will be available for a deposition in Boston on July 28 through 31, or August 1 and August 4, 2008.  Your courtesy in agreeing to reschedule his deposition to one of those dates will be appreciated.

        In regard to the deposition of Access with Success, I do not understand why the defendant wants or needs a second deposition.  The defendant took that party's deposition on January 24, 2007.  The schedule of the subject matter for inquiry matches the previous inquiry.  I would like to have a conference with you pursuant to Local Rule 7.1 before moving for a protective order.  I called and left a message with you on Tuesday for that purpose.

        Please call me regarding these matters.  Thank you.

                                Very truly yours,

                                *Nicholas S. Guerrera*
                                Nicholas S. Guerrera

NSG:ljr

ADLER POLLOCK & SHEEHAN P.C.

175 Federal Street
Boston, MA 02110-2210
Telephone 617·482·0600
Fax 617·482·0604

One Citizens Plaza, 8th floor
Providence, RI 02903·1345
Telephone 401·274·7200
Fax 401·751·0604 / 351·4607

www.apslaw.com

March 27, 2008

Writer's Dir. Dial: 617-603-0510
Writer's email: bmcmenimen@apslaw.com

Nicholas S. Guerrera, Esq.          **Via Fax and First Class Mail**
Shaheen, Guerrera & O'Leary, LLC          **Fax: 987-794-0890**
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845

> **DEPOSITION**
> **EXHIBIT**
> *5*
> 4/16/08

Re:    <u>Spalluto et al. v. HDP, Inc.;</u> USDC Civil Action No. 1:05-cv-10385-EFH
       Our File No.: 400806-002

Dear Attorney Guerrera:

I received your letter dated March 26, 2008 informing me that Mr. Spalluto is not available for his deposition on April 16, 2008. Interestingly, the dates you have suggested as comporting with his schedule are approximately the same dates you proposed a year ago.

I will be out of the office this year, as I was last year, on the dates you have offered. I will be away from July 28 to August 11, 2008. I cannot change the dates and they represent a trip that I have already paid for.

I am willing to compromise with you on the date, provided your client makes himself available in April, May, or even June. Candidly, I do not believe Judge Harrington would agree to a postponement of the deposition until July, but I can't agree to that long a postponement anyway.

For the record, I am not going to cancel the depositions currently scheduled for April 16, 2008 at this time, but I will await hearing from you as to alternative dates.

As for the 30(b)(6) of Access with Success, Inc., I do not want to reiterate the issues that I had with Mr. Theodore's appearance as spokesperson at this point. I invite you to reread my motion to dismiss if you are unclear as to why I want to conduct the deposition of that entity. I seem to recall that in your opposition to my motion you indicated that you would not have a problem with that.

Lastly, I did not understand from your message, left on my voicemail, that you wanted to have a conference under the local rules.

ADLER POLLOCK Q SHEEHAN P.C.

March 27, 2008
Page 2

When would you like to have that conference?

Sincerely yours,

Brian McMenimen

ADLER POLLOCK & SHEEHAN P.C.

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

www.apslaw.com

October 19, 2007

Writer's Dir. Dial: 617-603-0510
Writer's email: bmcmenimen@apslaw.com

Nicholas S. Guerrera, Esq.
Shaheen, Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA  01845

Re:    Spalluto et al. v. HDP, Inc.; USDC Civil Action No. 1:05-cv-10385-EFH
       Our File No.:  400806-002

Dear Attorney Guerrera:

       I am writing to ask you for dates when your client, Mr. Spalluto, will make himself
available for his deposition.

       I believe that I have asked you on two or three occasions for some dates, following your
proposed dates in August, when I was away on vacation.  If cold weather is a concern for your
client, I would like to get the deposition in within the next month.

       Would you please give me some dates when your client will be available?

                         Sincerely yours,

                         Brian McMenimen